Carl Kilian, Appellant, v. J. S. Frazier, Appellee.

Gen. No. 46,382.

First District, Third Division.
December 29, 1954.
Released for publication January 27, 1955.

Lyle, Havey & Gager, of Chicago, for appellant.

Julius Lucius Echeles and Frank W. Oliver, of Chicago, for appellee.

MR. JUSTICE LEWE delivered the opinion of the court.

Plaintiff appeals from an order sustaining defendant's motion to strike the complaint, denying plaintiff leave to amend his complaint and dismissing the suit.

Plaintiff, a resident of the City of Chicago, operates a retail meat business. He filed a complaint consisting of two counts. In Count I he alleges in substance that defendant falsely represented to plaintiff that he was "in control" of a political party; that he "knew powerful political persons" in both parties; that defendant "could increase the plaintiff's business tremendously" by procuring orders for plaintiff's products from all county institutions; that defendant falsely suggested the formation of a corporation for the purpose of handling all orders for food supplies secured from Cook county institutions; and that plaintiff, relying upon the false representations of defendant, gave him money to be used "as part of a campaign fund" and for the formation of a corporation, in the total sum of $8,650.

The gist of Count II of the complaint is that defendant falsely represented that he was charged with the responsibility of raising campaign funds for certain candidates for political office; that defendant falsely represented to plaintiff that he had been selected as one of four persons who were to be given "the meat contracts" from all county and State institutions; and that plaintiff, relying on defendant's representations, gave him, at various times, additional sums of money aggregating $2,190.

The principal question presented is whether the trial court correctly rested its decision on the ground that the cause of action alleged in the complaint is against public policy.

Section 64.16—5, chapter 34, relating to counties, Illinois Revised Statutes 1951 [Jones Ill. Stats. Ann. 33.069(16e)], State Bar Association Edition, provides that "The purchases of and contracts for supplies, materials and equipment . . . shall be based on compet-

itive bids." And section 139 of chapter 38 Illinois Revised Statutes 1951 [Jones Ill. Stats. Ann. 37.102], reads that "if any two or more persons conspire or agree together . . . to prevent competition in the letting of any contract by the State, or the authorities of any counties, city, town or village, or to induce any person not to enter into such competition . . . they shall be deemed guilty of a conspiracy."

██ ██ The law is well settled that agreements for the purchase of the influence of private persons upon the action of public officials are against public policy. If part of the consideration for a promise or any part of a promise to perform an entire undertaking is illegal either by statute or common law the agreement is void. See Critchfield v. Bermudez Asphalt Paving Co., 174 Ill. 466; Brelsford v. Stoll, 304 Ill. App. 222.

██ From a reading of the complaint we think there can be no doubt that the money which plaintiff seeks to recover in the present action was given by him to defendant for the purpose of exercising political influence upon public officials to procure "meat contracts" from county and State institutions. The law will not lend its aid in support of such a claim. In First Trust & Savings Bank of Kankakee v. Powers, 393 Ill. 97, the court said at page 103:

"The rule of public policy that forbids an action for damages for breach of such an agreement is not based on the impropriety of compelling the defendant to pay the damages. That in itself would generally be a desirable thing. When relief is denied it is because the plaintiff is a wrongdoer, and to such a person the law denies relief. Courts do not wish to aid a man who founds his cause of action upon his own immoral or illegal act."

██ Plaintiff insists that the denial of plaintiff's motion to amend his complaint was an abuse of judicial discretion. Plaintiff is bound by his sworn admissions

110

in the verified complaint. He does not say that those admissions which tainted the agreement with illegality were made through mistake or inadvertence. See Shealy v. Schwerin, 317 Ill. App. 375. Nor does he suggest how he intended to amend his complaint. Under these circumstances we cannot say that the trial court abused its discretion.

For the reasons given, the order here appealed from is affirmed.

Order appealed from affirmed.

KILEY, P. J. and FEINBERG, J., concur.