349 P.2d 184

Joe ADAMS and Belle J. Adams, husband and wife, Appellants,

v.

M. A. BEAR, Appellee.

No. 6570.

Supreme Court of Arizona.

Feb. 10, 1960.

Rehearing Denied March 15, 1960.

Moore & Moore, Phoenix, for appellants.

Cunningham, Carson & Messinger and Keith W. Ragen, Phoenix, for appellee.

JOHNSON, Justice.

Joe Adams and Belle J. Adams, his wife, on December 6, 1955, filed an action in the Navajo County Superior Court against M. A. Bear and J. Hal Adams and Louise R.

Adams, his wife. This cause was heard by the Honorable R. C. Stanford, Jr., and resulted in a declaratory judgment bearing date of October 8, 1956, and is referred to herein as Cause No. 7751.

The declaratory judgment established that a certain promissory note in the principal amount of $12,000 was owned and held by M. A. Bear, hereinafter referred to as Bear; that Joe Adams, husband of Belle J. Adams, hereinafter referred to as Adams, on June 19, 1954, executed said note of $12,000 to Bear and that Adams owned a certain promissory note in the principal amount of $20,500 and realty mortgage securing the same and that Bear held the said mortgage of $20,500 as security for the payment of the $12,000 note; and that upon payment by Adams to Bear of the balance due on the $12,000 note Bear's security interest in the $20,500 note and mortgage would be cancelled and annulled.

On December 6, 1957, after Adams had defaulted in payment to Bear on the balance due on the $12,000 note, as established under the declaratory judgment and to enforce his rights thereunder Bear filed a complaint in the same county which is referred to herein as cause No. 8060, against Adams. The trial of this cause was assigned to the Honorable Henry S. Stevens, who later rendered the judgment appealed from herein.

In the complaint in cause No. 8060 Bear alleged his rights as established in the declaratory judgment as above mentioned and the refusal of Adams to pay the balance due him on the $12,000 note. Bear prayed for judgment on the $12,000 note in accordance with the findings of the court in cause No. 7751 and for foreclosure of his security interest on the $20,500 note and mortgage.

Adams answered the complaint but did not deny any of the allegations thereof, he did however, allege three defenses: (1) that the complaint failed to state facts upon which relief could be granted (2) that Adams had previously brought suit against Bear on the same loan transaction referred in the complaint, that Bear had not counterclaimed on the note in such suit, being cause No. 7751, although under Rule 13(a), Rules of Civil Procedure, 16 A.R.S., he was required to do so and that cause No. 8060 was therefore barred and (3) that the $12,000 note had been cancelled in accordance with the agreement of the parties when Bear exercised his option to buy into the partnership composed of the makers of the note.

Bear thereafter moved for summary judgment and Adams also moved for summary judgment in their favor on their defenses numbered 1 and 2 above, and each party relied upon the pleadings and records of cause No. 7751. Bear in opposition to the first two defenses of the answer of the Adams and in support of his own motion contended he was entitled to the relief

prayed for as supplemental relief based upon the declaratory judgment in cause No. 7751. A.R.S. § 12–1838, which reads as follows:

"Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application therefor shall be by complaint or appropriate pleading to a court having jurisdiction to grant the relief. If the application be deemed sufficient, the court shall, on reasonable notice, require any adverse party whose rights have been adjudicated by the declaratory judgment or decree, to show cause why further relief should not be granted forthwith."

was relied upon as authority under which the court should enter judgment as asked for in cause No. 8060.

The trial court on June 24, 1957, rendered a written order for judgment, stating in detail its findings and conclusions and entered judgment granting the motion of Adams for summary judgment, inter alia,

"It Is Ordered granting the defendants' motion for summary judgment as herein specified.

"It Is Further Ordered that upon payment of the judgment fee the Clerk is directed to enter judgment as follows:

"1. That the plaintiff's complaint be dismissed without prejudice; that the plaintiff recover nothing by this action; and that the defendants recover their costs.

"2. That the judgment so entered be without prejudice to the rights, if any, of M. A. Bear to further proceed in cause No. 7751 in the Superior Court in Navajo County in relation to the $12,000 note and in relation to securing absolute title to the real estate mortgage and the note thereby secured, and

"3. That the judgment so entered be without prejudice to the rights, if any, of M. A. Bear to file a separate action to foreclose said real estate mortgage and to collect on the note thereby secured after he, the said M. A. Bear, has secured the absolute ownership thereof."

Adams brings the instant appeal complaining principally that it was error for the trial court to qualify its judgment by dismissing Bear's complaint without prejudice as the action had been completely presented on its merits and the trial court should have rendered a judgment on the merits for one party or the other.

We have carefully analyzed the written order for judgment filed by the trial court and conclude that it was not the intention of the trial court to determine the action

upon the merits. The trial court stated in its written order for judgment:

" * * * It is the court's opinion that Mr. Bear's right to foreclose the security or conditional assignment and take legal or appropriate steps to convert that conditional assignment to absolute ownership had matured prior to the time of filing cause No. 7751. These matters should have been carried to completion in said cause No. 7751. * * *"

"The court is not called upon to determine whether or not there are further remedies open to Bear in cause No. 7751 whether under Sec. 12–1838, Arizona Revised Statutes, or under execution or under some other process. Said cause No. 7751 has not been assigned to this judge nor have any issues in relation thereto been presented to this judge. It is the court's opinion that said cause No. 7751 is the only appropriate cause in which to effect the judgment and collection in relation to the $12,000 note and in the alternative secure the absolute title of the real estate mortgage and the note thereby secured in the name of Mr. Bear. * * *"

The trial court's order then proceeded to grant Adams' motion for summary judgment as "herein specified". These restrictive words clearly indicate that the trial court based the order for summary judgment in favor of Adams not on the merits of the litigation, but solely on the grounds contained in the order. We believe it apparent that the trial court did not express an opinion as to the merits of the rights of Bear under the provisions of A.R.S. § 12–1838, but only that if Bear was entitled to any supplemental relief under that section his remedy was in cause No. 7751; and the trial court not having any jurisdiction in cause No. 7751 declined to rule on the issue in such cause.

■■■■ There is a further reason to conclude that the trial court did not intend to render judgment on the merits which is indicated by the court specifically stating in the judgment that "plaintiff's (Bear) complaint be dismissed without prejudice". It is a general rule that dismissals "without prejudice" indicate that such judgment or dismissals affect no right or remedy of the parties and that there has been no decision of the case upon the merits. 17 Am.Jur., Dismissals, Etc., Section 100 and 27 C.J.S. Dismissal and Nonsuit § 73. When the trial court determined, as shown by the written order for judgment, that Bear's right to supplemental relief under the provisions of A.R.S. § 12–1838, should have been instituted in cause No. 7751, the trial court in order to prevent its judgment from being res adjudicata and to obviate any doubt as to whether it was or was not rendered on the merits, dismissed it without prejudice. Such a dismissal did not settle

or adjudicate any of the subject matter in controversy and was not a bar to any subsequent action by Bear in cause No. 7751. Cf. Cochise Hotels v. Douglas Hotel Operating Co., 83 Ariz. 40, 316 P.2d 290.

We have considered all of the assignments of error advanced by the Adams and conclude they are without merit.

Judgment affirmed.

STRUCKMEYER, C. J., and PHELPS, UDALL and BERNSTEIN, JJ., concur.