350 P.2d 751

Joe ADAMS and Belle J. Adams, husband and wife, Appellants,

v.

M. A. BEAR, Appellee.

No. 6605.

Supreme Court of Arizona.

March 30, 1960.

290

Moore & Moore, Phoenix, for appellants.

Cunningham, Carson & Messinger and Keith W. Ragan, Phoenix, for appellee.

JOHNSON, Justice.

This is an appeal by Joe Adams and Belle J. Adams, his wife, hereinafter referred to as Adams, from an order made after judgment, under the provisions of A.R.S. § 12–1838, entitled Amended Order for Further Relief based on Declaratory Judgment.

It appears from the record that Adams owned a note for $20,500 and mortgage securing it which had been executed by J. Hal Adams and Louise R. Adams. That Adams was a partner in the Goodman Construction Company, and on June 19, 1954, personally signed a note for such company for $12,000 payable to M. A. Bear, appellee, referred to herein as Bear; and to secure payment of such note Adams assigned the $20,500 note and mortgage to Bear as security for the debt. That at the same time Bear was given an option to become a partner in the Goodman Construction Company, composed of Joe Adams and Floyd Goodman. Thereafter he did exercise his option, however the company did not fare well and Bear was released from his partnership interest and insisted on payment of the note for $12,000. In February, 1955, the note not having been paid, Bear without any consideration secured from Adams, what purported to be an absolute assignment of the $20,500 mortgage, apparently with the understanding that Bear could borrow money on the absolute assignment, but would return the $20,500 mortgage to Adams on being paid. Thereafter Adams tried to pay Bear the balance due on the $12,000 note, but Bear refused, claiming absolute ownership of the $20,500 note and mortgage.

The Adams thereupon on December 6, 1955, filed a verified complaint against Bear, being cause No. 7751 in Navajo County, alleging in substance the facts above outlined, and in addition, that they were indebted to Bear on the $12,000 note, and were willing and offered to pay the amount of $12,000 into Court for the benefit of Bear. In the verified complaint the Adams requested the following relief: (1) that the assignment of the $20,500 mortgage to Bear be cancelled and annulled; (2) that Bear be ordered to reconvey to Adams the $20,500 note, upon the condition that Adams pay to the Clerk of the Court for the benefit of Bear the sum of $12,000, or such sum as the Court should order.

Appellee Bear filed an answer to the complaint admitting that Adams owed him the sum of $12,000 and same was due and unpaid and requested the Court to order Adams to pay such sum into Court to satisfy their debt to him as alleged in the verified complaint. Bear also pleaded in the alternative, a counterclaim and cross-claim seeking judgment on the $20,500 note and mortgage.

After a pretrial hearing and an extended trial the lower court entered a declaratory judgment on October 5th, 1956, determining that the Adams were the owners of the promissory note executed by J. Hal Adams and Louise R. Adams, on January 9, 1954, for $20,500 and the mortgage securing such note; and that Bear was the owner of the promissory note executed by Adams on June 19, 1954 in the sum of $12,000; that Bear holds the $20,500 mortgage as security for the payment of the $12,000 note dated June 19, 1954; and that upon payment by Adams to Bear of the balance on the $12,000 note, the assignment of mortgage in the sum of $20,500 would be cancelled and annulled.

Thereafter Adams having failed to pay Bear the balance due on the $12,000 note or pay the same into court, in accordance with their offer to do so in their verified complaint, Bear instituted a new action in Navajo County being No. 8060 against Adams. The new action was filed on the theory that A.R.S. § 12–1838 permitted further relief based upon the declaratory judgment. The relief requested in this action was for a money judgment of the balance due on the $12,000 note and for foreclosure of the security interest in the $20,500 note and mortgage.

Adams answered the complaint without denying a single allegation, but setting forth three affirmative defenses. (1) that no cause of action was stated; (2) that the claim was barred under Rule 13(a), Rules of Civil Procedure, 16 A.R.S.; and (3) a defense on the merits.

Thereafter both parties moved for summary judgment. The court rendered judgment that Bear recover nothing on his complaint, and that the same be dismissed with-

out prejudice. Adams appealed from such judgment, contending the trial court erred in dismissing the complaint "without prejudice."

We affirmed the trial court on appeal holding: (Adams v. Bear, Ariz., 349 P.2d 184) inter alia, that the summary judgment rendered in favor of Adams dismissing the complaint filed by Bear, did not settle or adjudicate any of the subject matter in controversy and was not a bar to any subsequent action by Bear in the instant action.

After the trial court rendered summary judgment in favor of Adams in cause No. 8060 referred to above, Bear then filed in the original action, cause No. 7751, an application for further relief based on the declaratory judgment. Adams responded to such application with certain affirmative defenses (1) that cause No. 7751 was not a pending cause and the court had no jurisdiction to proceed in it; (2) that no cause of action was stated; (3) that Rule 13(a) Rules of Civil Procedure barred the action; (4) that the claim asserted was res judicata in cause No. 8060 and that cause No. 8060 was still a pending matter; and (5) a defense on the merits.

The trial court then entered the order appealed from in the instant case and on September 25, 1957, after stating the facts found in the declaratory judgment, entered a money judgment in favor of Bear and against Adams for the sum of $11,778.24, together with interest and attorney fees; and further ordered that the lien of Bear's pledge on the $20,500 note and mortgage be foreclosed and issued a special execution directing the sale of the $20,500 note and mortgage and that the proceeds of the sale be applied in payment of the amount due Bear and the remainder of any sums to be paid into court.

Adams first assigns as error and contends that because a counterclaim for judgment on the $12,000 note was not filed by Bear before entry of the declaratory judgment, Rule 13(a) Rules of Civil Procedure, entitled Compulsory Counterclaims, bars his right to such judgment as further relief based on the declaratory judgment.

We would be inclined to agree with the contention of Adams were it not for the fact that in the verified complaint filed by Adams he alleged and admitted that he was indebted to Bear on the $12,000 note and at the trial testified under oath to the same effect, and offered to pay that amount into court for the benefit of Bear and that in response to the complaint Bear acknowledged that such obligation was due and unpaid to him and requested that Adams be required to pay such sum into court. While it is the settled law in this jurisdiction as pronounced in Biaett v. Phoenix Title & Trust Co., 70 Ariz. 164,

217 P.2d 923, 22 A.L.R.2d 615, that a claim which is a compulsory counterclaim under Rule 13(a), supra, is waived and thereafter is barred if not pleaded as a counterclaim; Keystone Copper Mining Co. v. Miller, 63 Ariz. 544, 164 P.2d 603; Cochise Hotels v. Douglas Hotel Operating Co., 83 Ariz. 40, 316 P.2d 290, nevertheless, in the instant action we hold that the claim of Bear having been admitted by the verified complaint it was not necessary to plead the same as a counterclaim and that Rule 13 (a), supra, is not applicable.

Adams next contends that the trial court erred in entering the amended order for further relief based upon the declaratory judgment for the reason that Bear on two prior occasions presented his claims for further relief and in each instance it was decided adversely to him and that the same is now res judicata.

Bear on November 15, 1956, shortly after the declaratory judgment had been rendered, filed a motion to amend the judgment seeking to change the ruling that the assignment of the $20,500 mortgage was a security instrument and cause the assignment to be absolute if payment of the balance on the $12,000 note was not made by November 30, 1956, thereafter this motion was denied by the trial court.

 We hold that the denial of the motion to amend the judgment did not cause Bear's application for further relief in the instant appeal to become res judicata, for the reason that it is apparent from the memorandum filed in support of the motion to amend that it was based upon Rule 60 (a) and Rule 60(b) Rules of Civil Procedure, and was not an application for any further relief based on the declaratory judgment.

Adams next contends that when Bear filed cause No. 8060 (discussed above) seeking the exact relief requested in the case at bar and received an adverse ruling that the relief now sought became res judicata by reason of the judgment in cause No. 8060.

 There is no merit to this contention. We decided in Adams v. Bear, supra, that the trial court in that action did not render judgment on the merits, but merely dismissed the complaint of Bear without prejudice to his rights to seek supplemental relief under the provisions of A.R.S. § 12–1838 in the case at bar. Therefore the judgment entered in cause No. 8060, not having decided the merits of Bear's right to relief under Section 12–1838, supra, did not become res judicata to the present action.

Adams next contends the trial court erred in entering the amended order for further relief for the reason that Adams never had an opportunity to present their defense on the merits and that such defense, if proven, would have been a complete bar to the claim of Bear.

Adams alleged in their response to the application of Bear for further relief under the declaratory judgment that by reason of Bear having exercised an option to become a partner in the Goodman Construction Company the $12,000 note should have been cancelled in part payment for the partnership interest.

We have carefully examined the record of the proceedings in the trial court and find that the transaction which is the subject matter of the defense set forth above occurred before the trial which resulted in the declaratory judgment. That during the trial to determine the liability of Adams to Bear on the $12,000 note, the Adamses testified under oath that they owed all but a few hundred dollars of such note to Bear. It is apparent from the findings of fact made by the trial court that the question of Bear's relationship with the partnership was presented and tried at the trial prior to the entry of the declaratory judgment and the court did not find that the note for $12,000 should have been cancelled in part payment for Bear's alleged interest in the partnership.

It further appears, as set forth above, that the Adamses both in their verified complaint and under oath at the trial, admitted their indebtedness to Bear. It is now their position, after having secured the relief they requested in their original complaint relating to the $20,500 note and mortgage, that they have a valid defense to the claim of Bear for the $12,000.

■■■ It is a fundamental rule of law that parties are bound by their pleadings and evidence may not be introduced to contradict or disprove what has been admitted or asserted as a fact in their pleadings, White v. Hamilton, 38 Ariz. 256, 299 P. 124; and a party cannot be permitted to testify in contradiction of the express allegations of his own complaint. Pettry v. Hedrick, 123 W.Va. 107, 13 S.E.2d 401; Fey v. A. A. Oil Corporation, 129 Mont. 300, 285 P.2d 578; Kilian v. Frazier, 4 Ill. App.2d 108, 111, 123 N.E.2d 592. It is also a general rule that a party is bound by his judicial declarations and may not contradict them in a subsequent proceedings involving the same parties and questions. Martin v. Wood, 71 Ariz. 457, 229 P.2d 710; 71 C.J.S. Pleading § 59.

■■■ We are of the opinion that because the Adamses both pleaded and testified under oath that they were indebted to Bear, they cannot thereafter take a contradictory position and are judicially estopped in the present proceedings from now denying their obligation to Bear on the $12,000 note. The question of their liability on that note was determined in the declaratory judgment, and such judgment has the force and effect of a final judgment, A.R.S. § 12–1831, and all issues which might have

been raised as defenses are now res judicata.

Adams further contends that A.R.S. § 12–1838, which provides:

"Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application therefor shall be by complaint or appropriate pleading to a court having jurisdiction to grant the relief. If the application be deemed sufficient, the court shall, on reasonable notice, require any adverse party whose rights have been adjudicated by the declaratory judgment or decree, to show cause why further relief should not be granted forthwith."

permits one entitled to further relief to secure the same either by filing a complaint in a new action, or proceeding by appropriate pleading in the same action, but it does not permit a claimant to proceed in both these ways, either at the same time or successively.

This contention is without merit. We held in Adams v. Bear, supra, that the trial court did not express an opinion as to the merits of the rights of Bear under the provisions of A.R.S. § 12–1838, but only dismissed the action without prejudice to the rights of Bear to seek supplemental relief in the original cause. We are therefore of the opinion that the original action was still pending and that Bear correctly proceeded

with his application for further relief based on the declaratory judgment in the original cause No. 7751.

It is a sad commentary on justice that the Adams after admitting under oath their indebtedness to Bear on the $12,000 note, have by a series of legal maneuvers delayed the payment for more than five years.

The order appealed from is affirmed in all respects.

STRUCKMEYER, C. J., and PHELPS, UDALL and BERNSTEIN, JJ., concurring.