35 F.3d 575
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Claude C. WILLIAMS, Plaintiff-Appellant,
v.
NATIONAL ASSOCIATION OF LETTER CARRIERS OF THE USA; Paul C.
Davis, and Barry Purdy, individuals, Defendants-Appellees.
 No. 93-6363.
 United States Court of Appeals,
Tenth Circuit.
 Aug. 26, 1994.
 
 Before LOGAN, McWILLIAMS and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Claude C. Williams (Williams) voluntarily dismissed, without prejudice, his original complaint on January 20, 1993, then represented by counsel. This dismissal was apparently entered pursuant to Fed.R.Civ.P. 41(a)(2). Generally, dismissals "without prejudice" indicate that the dismissals affect no right or remedy of the parties and that there has been no decision of the case on the merits. Adams v. Bear, 349 P.2d 184, 187 (Ariz.1960); See also 9 Wright and Miller, Federal Practice and Procedure, 2367. On July 20, 1993, Williams, appearing pro se, refiled his complaint alleging that he was unlawfully discharged from employment as a letter carrier on September 13, 1991, without just cause, and in violation of rights guaranteed him under a collective bargaining agreement. He alleged that the National Association of Letter Carriers of the USA (Union) breached its duty of fair representation owing to him in the grievance process following his discharge. He also alleged that defendants Paul C. Davis and Barry Purdy were liable for intentional infliction of mental anguish, wrongful discharge and breach of fiduciary duty. He sought reinstatement, damages of $50,000 from the Union, and $50,000 punitive damages against Davis and Purdy. (R., Vol. I, Tab 1).
 
 
 3
 Defendants Union, Davis and Purdy thereafter filed their Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Union contended that it pursued Williams' grievance, which was denied on September 20, 1991, and that Williams was so notified on that date. As to the claims against Davis and Purdy, they alleged that at all times they were serving, respectively, as business agent and shop steward for Union, performing union duties.
 
 
 4
 In accordance with our opinion in Lucas v. Mountain States Tel. & Tel., 909 F.2d 419, 420 (10th Cir.1990), the district court found that the six-month statute of limitations prescribed by section 10(b) of the National Labor Relations Act, 29 U.S.C. 160(b), applied to "hybrid" suits under section 301 of the Labor Management Relations Act, 29 U.S.C. 185 (1982), inasmuch as plaintiff alleged breach of a collective bargaining agreement and that his Union violated its duty of fair representation. The court found that because plaintiff was informed on September 20, 1991, that the grievance had been denied and that Union would take no further action thereon, the six-month time bar commenced to run on that date. Inasmuch as plaintiff did not refile his complaint until July 20, 1993, his duty of fair representation claim against Union was time-barred. We agree.
 
 
 5
 As to Davis and Purdy, it is clear that individual union members are not liable for a union's breach of its duty of fair representation, and that this ban also precludes claims against them framed under state law.
 
 
 6
 On appeal, Williams argues that the defendants-appellees "... did not suffer clear legal prejudice from the voluntary dismissal without prejudice ordered by the district court on January 20, 1993. Court ordered first complaint dismissed without prejudice and Defendants-Appellees did not object. A prospect of a subsequent lawsuit is not a legal prejudice to the defendants. Union representatives were not acting within the ambit of the collective bargaining process." (Reply Brief of Appellant, p. 4).
 
 
 7
 We affirm for substantially the reasons set forth in the district court's Order of September 28, 1993. (R., Vol. I, Tab 16).
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470