35 F.3d 575
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Claude C. WILLIAMS, Plaintiff-Appellant,
v.
UNITED STATES POSTAL SERVICE: Marvin T. Runyon, Postmaster;
John Powers, an individual, Defendants-Appellees.
 No. 94-6145.
 United States Court of Appeals,
Tenth Circuit.
 Aug. 26, 1994.
 
 Before LOGAN, McWILLIAMS and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Claude C. Williams (Williams), appearing pro se, appeals from the district court's Order dismissing his complaint against the defendants-appellees. Williams was terminated in his position as a letter carrier by the United States Postal Service on September 13, 1991. Williams pursued all administrative-grievance remedies to exhaustion on September 20, 1991, when he was informed by his union that grievance had been denied and that his union considered his case closed. In his complaint, Williams sought reinstatement and damages.
 
 
 3
 Williams voluntarily dismissed, without prejudice, his original complaint on January 20, 1993, then represented by counsel. A dismissal of a complaint "without prejudice" indicates that the dismissal does not affect any right or remedy of the parties and that there has been no decision on the merits. Adams v. Bear, 349 P.2d 184, 187 (Ariz.1960). It would appear that Williams' original complaint was dismissed pursuant to Fed.R.Civ.P. 41(a)(2). See also 9, Wright and Miller, Federal Practice and procedure, 2367. He refiled his complaint on July 20, 1993, appearing pro se, alleging that defendants had breached contractual duties owing to him.
 
 
 4
 The district court's order of dismissal of Williams' complaint held that the suit was time barred against defendants under the six-month statute of limitations set forth in Section 10(b) of the National Labor Relations Act, 29 U.S.C. 160(b) and that the individual defendants are not proper parties defendant. We agree.
 
 
 5
 On appeal, Williams argues that because his original complaint was dismissed without prejudice and without any objection by the defendants, his subsequently filed complaint should have been considered to have been filed within the six-month limitation period because in his motion to dismiss the original complaint he stated that he intended to refile the complaint, thus the dismissal without prejudice. Williams further argues that the individual defendants, Runyon and Powers, were not acting within the ambit of the collective bargaining agreement.
 
 
 6
 We affirm for substantially the reasons set forth in the district court's Order of March 25, 1994. (R., Vol. I, Tab 53).
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470