229 P.2d 710

**MARTIN v. WOOD et al.**

No. 5339.

Supreme Court of Arizona.

April 9, 1951.

Wilson & Wilson, Kent A. Blake, all of Phoenix, for appellant.

Marshall W. Haislip, of Phoenix, for appellee.

DE CONCINI, Justice.

This action was brought by the Phoenix Savings Bank and Trust Company, plaintiff below, as guardian of Ida Grant, an incompetent, against Mollie J. Martin, defendant below and hereinafter referred to as appellant, to cancel a deed executed on the 9th day of February, 1948, by Ida Grant to Mollie J. Martin; and to have the property revested in the grantor on the ground of her incompetency at that time. Pending trial in the lower court Gussie Wood was substituted as guardian of the estate of Ida Grant, and will be hereinafter designated as appellee.

The facts out of which this suit arose are that in 1937 appellee and her husband rented a house from Ida Grant which is situated on the land which is the subject of the deed in question. In 1940 Ida Grant commenced living with the Martins in that house. On February 9, 1948, Ida Grant executed to appellee a deed to the land and house thereon, at that time Ida Grant being a widow some eighty years of age. Subsequently appellant did, on June 30, 1948, file a guardianship petition in the superior court of the county of Maricopa urging "That for the past two (2) years the said Ida Grant, by reason of old age, has been mentally incompetent to manage her own affairs. That she has not known the nature and extent of her property or the material objects of her bounty," and prayed that a guardian be appointed so she could reconvey the property to Ida Grant. On July 14, 1948, appellee appeared before the above court in the guardianship proceedings of Ida Grant and under oath testified to the truth of the matters alleged in said petition. On that day Ida Grant was adjudicated to be an incompetent and 2 days later letters of guardianship were issued to the Phoenix Savings Bank and Trust Company.

The pleadings and the evidence disclose that in the lower court appellant denied that Ida Grant was incompetent at the time she executed the deed, and alleged

that at said time Ida Grant was fully competent to manage her own affairs. The lower court, sitting without a jury, ruled that the deed was void by reason of the incompetency of the grantor, Ida Grant, and set it aside.

Appellant assigns eight errors to the trial court which may be summarized as follows: (a) insufficiency of the evidence to support the judgment; (b) the admission of incompetent, irrelevant and immaterial evidence. Those assignments have been considered but are without merit. Furthermore it will not be necessary to treat them because the case may be disposed of under the doctrine of judicial estoppel.

Under the doctrine of judicial estoppel or "estoppel by oath" appellant was estopped from claiming under said deed and from disputing the allegations in her petition for appointment of guardian for Ida Grant and her testimony in the guardianship proceeding in support of said petition.

█ The general rule of judicial estoppel is stated in 19 Am.Jur., Estoppel, Sec. 74, p. 712: "It is a general rule that a party is bound by his judicial declarations and may not contradict them in a subsequent action or proceeding. * * *"

The rule is also laid down in 31 C.J.S., Estoppel, § 119, p. 381:

"As a general rule, a party who has assumed a particular position in a judicial proceeding is estopped to assume an inconsistent position in a subsequent proceeding involving the same parties and questions.

"The general rule as to estoppel to assume inconsistent positions in judicial proceedings generally * * * has been expressly stated to apply, or has been applied, so as to estop a party to assume inconsistent positions in successive proceedings. For this doctrine to be applied, it is commonly required that the parties be the same, and that the same questions be involved. * * *"

And in 31 C.J.S., Estoppel, § 117, p. 378: "* * * The elements of reliance and injury which are essential to the operation of equitable estoppel do not enter into judicial estoppel, at least not to the same extent; and while some authorities in applying the doctrine of judicial estoppel have taken cognizance of the presence or absence of such elements, this has been said to be the result of confusing the two doctrines. * * *"

The foundation of the doctrine of judicial estoppel was pointed out in the case of Hatten Realty Co. v. Baylies, 42 Wyo. 69, 290 P. 561, 566, 72 A.L.R. 587, citing Hamilton v. Zimmerman, 5 Sneed, Tenn., 39, 48: "* * * 'This doctrine is said to have its foundation in the obligation under which every man is placed to speak and act according to the truth of the case, and in the policy of the law to suppress the mischiefs from the destruction of all confidence in the intercourse and dealings of men, if they were allowed to deny that

which by their solemn and deliberate acts they have declared to be true. And this doctrine applies with peculiar force to admissions or statements made under the sanction of an oath, in the course of judicial proceedings. The chief security and safeguard for the purity and efficiency of the administration of justice is to be found in the proper reverence for the sanctity of an oath.' "

The doctrine of judicial estoppel was applied by this court in the case of Rossi v. Hammons, 34 Ariz. 95, 268 P. 181, 184. In that case appellant had been sued in a prior case by one Hofmeister; in support of appellant's demurrer thereto appellant submitted to the court the proposition that Hofmeister was not the proper party to bring the suit but rather the superintendent of banks was, and the court being convinced of the correctness of this proposition sustained the demurrer. The appellant then appeared in the cited case and asked the trial court to hold that his own nominee, the superintendent of banks, could not bring the suit because he was not the proper party. The trial court correctly refused to consider appellant's request, pointing out: "* * * Clearly he was not then in a position to make such a request. Having induced the court that the superintendent of banks, * * * was the proper party plaintiff, or having been instrumental in doing so, it would appear too plain for argument that he should not be permitted to change front afterwards and say that he was not."

The doctrine of judicial estoppel is equally applicable to the case at bar. The parties in the guardianship proceeding and in the instant case are the same; and the questions involved are identical, namely the mental capacity of Ida Grant. Appellant swore, in both her petition for guardianship and in the guardianship proceeding, that Ida Grant was on June 30, 1948, and for two years prior thereto, mentally incompetent. Thereafter, in the lower court, in the instant case appellant proceeded to do an "about face" by testifying that her petition and former testimony were untrue and that Ida Grant was competent on February 9, 1948, the date the deed in question was executed. Appellant will not be allowed to take such a contrary position to the prejudice of appellee.

The judgment of the lower court is affirmed.

UDALL, C. J., and STANFORD, PHELPS and LA PRADE, JJ., concur.