487 P.2d 420

**REALTY EXCHANGE CORPORATION,**
an Arizona corporation et al.,
**Appellants,**

v.

**PHOENIX TITLE AND TRUST COMPANY,**
a corporation, **Appellee.**

No. I CA–CIV 1451.

Court of Appeals of Arizona,
Division 1,
Department B.

July 29, 1971.

Rehearing Denied Sept. 30, 1971.

Review Denied Nov. 9, 1971.

---

O'Connor, Cavanagh, Anderson, West-over, Killingsworth & Beshears .by Jay M. Martinez, James A. Teilborg, and Charles B. Burton, Phoenix, for appellants.

Lewis & Roca by Peter Baird, Phoenix, for appellee.

JACOBSON, Presiding Judge.

This appeal requires a determination as to whether the interest of a beneficiary of a subdivision trust is subject to garnishment by the beneficiary's creditors and whether the issues in this case are precluded from further litigation either under the doctrines of *res judicata* or collateral estoppel by reason of Realty Exchange Corp. v. Cadillac Land and Development Co., 13 Ariz.App. 232, 475 P.2d 522 (1970).

The issues raised on appeal relate to a garnishment proceeding arising out of litigation for a broker's commission between plaintiff-appellant Realty Exchange Corporation against Cadillac Land and Development Co. and its stockholders Harry Gelt and Jerome Smith. The underlying action was commenced on February 6, 1963. On February 7, 1963, Realty Exchange caused a writ of garnishment to be served upon garnishee-defendant-appellee, Phoenix Title & Trust Company. In the principal action, Realty Exchange was granted judgment against the corporate defendant, Cadillac Land and Development

Co., but was denied judgment against the individual defendants. This judgment was appealed by Realty Exchange and a cross-appeal was taken by Cadillac Land and Development Co. The judgment of the trial court was affirmed by Division 2 writing for Division 1 of the Court of Appeals, in Realty Exchange Corp. v. Cadillac Land & Development Co., *supra,* review denied January 26, 1971.

On May 6, 1970, the trial court granted a partial summary judgment in favor of Phoenix Title on the grounds that it had no liability to Realty Exchange under the writ of garnishment issued. It is from this granting of partial summary judgment that Realty Exchange appeals.

The factual basis underlying the principal action between Realty Exchange and Cadillac Land has been adequately set forth in Realty Exchange Corporation v. Cadillac Land and Development Co., *supra,* and is repeated here only to the extent necessary for readability and continuity.

Phoenix Title in 1963 was acting as trustee of five subdivision trusts, wherein Cadillac Land as seller was first beneficiary and several buyers were second beneficiaries. On February 5, 1963, Cadillac Land resolved to sell its first beneficial interest in these subdivision trusts to its stockholders Harry Gelt and Jerome Smith. These assignments were duly executed and delivered on February 6, 1963. On the same day, February 6, 1963, Realty Exchange commenced the litigation against Cadillac Land and on the following day, February 7, 1963, caused the writ of garnishment which is the subject of this litigation to be served on Phoenix Title as trustee, seeking to capture the beneficial interest of Cadillac Land in the subdivision trusts.

On February 13, 1963, Phoenix Title gave its written acceptance of the deeds and assignments pursuant to a provision in the subdivision trusts which provided:

"No assignment or transfer of any interest of any party hereunder at any time shall be valid and binding *upon the trustee* until an executed original of the assignment or other instrument evidencing the transfer has been filed with and accepted by the trustee and the trustee's assignment fee paid therefor * * *." (Emphasis added).

The amended answer of the garnishee-defendant, Phoenix Title, raised the issue of the assignments of February 6, 1963, by Cadillac Land to Gelt and Smith.

One of the issues raised and determined by the appeal in Realty Exchange Corp. v. Cadillac Land and Development Co., *supra,* was the validity of the assignments by Cadillac Land of its beneficial interests in the subdivision trusts to Gelt and Smith, Realty Exchange contending that the assignments were without valid consideration and were fraudulent as to creditors. Realty Exchange further contended in that appeal that the judgment of the trial court did not intend to imply that the assignments were effective on the date borne thereon and that no finding of priority was intended.

The Court of Appeals, Division 2, on this issue held:

"Since the first judge found against Realty Exchange's charge of no consideration, he necessarily concluded that there was consideration, that the execution of the assignment was valid, *and that Gelt and Smith had full ownership of the trusts as of the date marked thereon.*" (Emphasis added.) 13 Ariz. App. at 236, 475 P.2d at 526.

Realty Exchange's basic contention on this appeal is that since the trust instrument itself required the acceptance by the trustee of the assignments, the assignments by Cadillac Land to Gelt and Smith of its beneficial interest did not become effective as between Cadillac Land and its assignees until February 13, 1963, when the assignment was accepted by Phoenix Title, at which time its writ of garnishment was in force, having been served on February 7, 1963. Realty Exchange further contends that since this legal theory was not raised in the trial court

in the litigation between Realty Exchange & Cadillac Land or passed upon in the first appeal and since Phoenix Title was not a party to the first appeal, the issues and parties are different and therefore the doctrines of *res judicata* and collateral estoppel are not applicable.

We are initially faced with a defense raised by Phoenix Title in support of the trial court's action that garnishment is not the proper proceedings to reach the beneficial interest of a cestui under a trust and that the only proper method is by way of a creditor's bill.

It is true at common law that the interest of a beneficiary of a trust was an equitable interest which could not be reached by his creditors in a proceeding at law and that a proceeding in equity called a creditor's bill was necessary to reach and apply the beneficial interest. 2 A. Scott, The Law of Trusts § 147 (3rd ed., 1967). However, as likewise pointed out by Scott, "[a]lthough at common law the interest of a beneficiary of a trust could not be reached by his creditors in a proceeding at law, and they were compelled to resort to a proceeding in equity, statutes frequently allow creditors to reach equitable interests of the debtor by a proceeding at law." Scott, *supra,* § 147, at 1116. Arizona has such a statutory provision. A.R.S. § 12–1558, subsec. B provides:

> "Shares and interests in a corporation, and debts and credits, choses in action, and *all other property, or any interest therein, legal or equitable,* not capable of manual delivery, may be levied upon and sold under execution." (Emphasis added.)

In addition, the distinction between courts of law and equity in Arizona has been abolished. Art. 6 § 6, Arizona Constitution, A.R.S. By such a "combining of courts of law and equity jurisdiction, it is now possible to reach on attachment and execution practically every type of

property, tangible and intangible, belonging to the judgment debtor. * * * We see no reason why the interest of a beneficiary of a trust may not be reached * * * by garnishment of the trustee." Houghton v. Pacific Southwest Trust and Savings Bank, 111 Cal.App. 509, 513–514, 295 P. 1079, 1081 (1931). *See, also,* Sackin v. Kersting, 105 Ariz. 464, 466 P.2d 758 (1970), opinion on rehearing, 105 Ariz. 566, 468 P.2d 925 (1970).

■ We hold that where the interests of a beneficiary of a trust are available to a creditor of that beneficiary, then under the statutes of the State of Arizona, such beneficial interests may be reached by the beneficiary's creditors by service of garnishment process on the trustee, without the necessity of resorting to a proceeding in equity in the nature of a creditor's bill.

■ Both parties agree with the legal proposition that the service of a writ of garnishment does not affect debts owed by the garnishee-defendant, when, prior to the service of the writ the principal defendant has assigned his right to receive the funds to another. Wilkinson v. Takesuye, 66 Ariz. 205, 185 P.2d 778 (1947). Where the parties part company is over the issue as to when the assignment became effective—on February 6, 1963, the date of the assignment, or February 13, 1963, the date the assignment was accepted by Phoenix Title. Phoenix Title contends this issue is *res judicata* or that Realty Exchange is collaterally estopped to raise this issue by reason of the appellate decision in Realty Exchange Corp. v. Cadillac Land and Development Co., *supra.* With this contention, we agree.

While the proper doctrine to be applied in this case is that of collateral estoppel or "issue preclusion by judgment" rather than *res judicata* because of the difference in parties,[1] the result is the same. As was stated in Moore Drug Company v.

1. We prefer to treat Phoenix Title as a stranger to the previous litigation without making a determination as to whether a garnishee-defendant who is somewhat of a stakeholder is truly a stranger.

Schaneman, 10 Ariz.App. 587, 589, 461 P.2d 95, 97 (1969):

"Collateral estoppel [or] issue preclusion by judgment is applicable where the issue or fact to be litigated was actually litigated in a previous suit, a final judgment was entered, and the party *against* whom the doctrine is to be invoked had full opportunity to litigate the matter and actually did litigate it, provided such issue or fact was essential to the prior judgment." (Emphasis in original.)

In this case there is no doubt that the issue of the validity of the assignment between Cadillac Land and Gelt and Smith, its date and the necessity therefor were actually litigated in the Realty Exchange v. Cadillac Land Litigation. One need only read the Court of Appeals decision and the contentions made therein by Realty Exchange to be assured on this point.

It may very well be true that the *legal theory* now expounded by Realty Exchange dealing with the language of the trust instrument itself was not urged in the prior litigation, but it is not the difference in *legal theories* which precludes the applicability of collateral estoppel, it is the difference in *issues. See,* Di Orio v. City of Scottsdale, 2 Ariz.App. 329, 408 P.2d 849 (1965).

One of the issues litigated in Realty Exchange Corp. v. Cadillac Land and Development Co., *supra,* was when the assignment between Cadillac Land and its assignees, Gelt and Smith, became effective. The issue before this court on this appeal is when did the assignment between Cadillac Land and its assignees, Gelt and Smith, become effective. The court having spoken in Realty Exchange Corp. v. Cadillac Land and Development Co., *supra,* Realty Exchange is precluded from again litigating this issue here.

The judgment of the trial court is affirmed.

HAIRE and EUBANK, JJ., concur.