489 P.2d 65

Evan MECHAM and Florence Mecham, his wife, Appellants,

v.

CITY OF GLENDALE, a municipal corporation, et al., Appellees.

No. 1 CA–CIV 1655.

Court of Appeals of Arizona, Division 1.

Sept. 30, 1971.

Rehearing Denied Nov. 3, 1971.

Review Denied Nov. 30, 1971.

Rawlins, Ellis, Burrus & Kiewit by Chester J. Peterson, Phoenix, for appellants.

Biaett & Bahde by Kenneth Biaett, Phoenix, for appellees.

HATHAWAY, Judge.

Appellants filed a complaint for declaratory judgment and have taken this appeal from the judgment entered on defendants' motion for summary judgment. The defendants' ground for their motion, which was accepted by the trial court, was the doctrine of *res judicata*. Although we have grave doubts as to the sufficiency of the complaint, see Lecky v. Staley, 6 Ariz. App. 556, 435 P.2d 63 (1967); Riley v. County of Cochise, 10 Ariz.App. 55, 455 P.2d 1005 (1969), we do not inquire into the question as we believe that relief was appropriately denied.

The instant litigation concerns a fifty-foot strip of real property which was involved in a prior lawsuit in Maricopa County Superior Court, cause number 179171. In ruling on the motion for summary judgment, the trial court took judicial notice of the record in the earlier litigation.

The record reflects the following undisputed facts. In 1961, the Owens conveyed to the Mechams a portion of certain real property belonging to them and located in Glendale, Arizona. As part of the agreement of sale, the Owens agreed to dedicate the north fifty feet of the property retained by them as a public roadway. An easement for a roadway over this fifty-foot strip was dedicated as a public roadway to Maricopa County. The Owens and Mechams each agreed to pave and curb half of said roadway by a certain date but this was never done. Thereafter, the subject property was annexed to and became a part of the City of Glendale and the Owens sold their property, including the fee interest in the fifty-foot strip to the Housers. While the Houser-Owen transaction was pending, Mr. Houser prevailed upon the City of Glendale to abandon the fifty-foot strip as a roadway and on May 8, 1964, the City executed a quit-claim deed of its interest to the Owens. On April 13, 1965, the City Council of the City of Glendale adopted an ordinance (number 405, New Series), formally abandoning the strip as a roadway and ratifying the quit-claim deed previously executed and delivered to the Owens.

In the earlier litigation the Owens sued the Mechams on their promissory note and to foreclose their mortgage. The Mechams, by way of setoff and counterclaim, alleged that the Owens breached their agreement to dedicate the roadway and sought damages for breach of contract. The parties agreed that the contested issues were whether the parties had agreed to terminate the portion of the agreement as to the roadway and to abandonment thereof; whether the Owens had breached the agreement; whether the dedicated roadway was abandoned in 1965 in a proper legal proceeding; whether the legal proceeding was instigated by the Owens or Mr. Houser; and whether the Mechams had agreed to and acquiesced in the abandonment of the roadway by the City of Glendale.

The trial court found in favor of the Mechams on their counterclaim for breach of contract—it expressly found that the Owens had agreed to cause the fifty-foot strip to be dedicated as a roadway and had failed to do so, thereby breaching their agreement and damaging the Mechams. On appeal, the judgment on the counterclaim was affirmed. See Owen v. Mecham, 9 Ariz.App. 529, 454 P.2d 577 (1969).

Approximately six months after the foregoing appellate decision, the instant litigation was commenced. The complaint set forth three claims for relief: (1) A

declaration that the 1964 quit-claim deed from the City of Glendale to the Owens was void; (2) a declaration that the 1965 City Ordinance was void; and (3) a declaration that the fifty-foot strip had reverted to the City of Glendale under the terms of the 1964 quit-claim deed. Appended to the complaint as exhibits were various documents including the 1964 quit-claim deed wherein the City of Glendale quit-claimed to the Owens all of its right, title, or interest in specifically described real property, namely, the fifty-foot strip. The deed further recited:

"As a part of the consideration of this conveyance, the property described above is conveyed to the Grantees with the understanding that in the event that said property is ever subdivided then said property shall revert to, vest in, and become absolutely the property of the Grantor and its successors and assigns."

In their motion for summary judgment, the defendants requested the trial court to take judicial notice of the record in the prior proceeding which resulted in the Mechams being awarded damages for the Owens' breach of their agreement to dedicate the roadway. Implicit in the finding in favor of the Mechams on their counterclaim was that City of Glendale had abandoned the roadway and relinquished all interest in it.

We believe, as apparently did the trial court, that the Mechams' attempt in this case to deny the validity of the deed and ordinance passed by the City of Glendale required application of the maxim *"allegans contraria non est audiendus"* i. e., that a litigant shall not be permitted to blow hot and cold with reference to the same transaction. The doctrine which is denominated "judicial estoppel" and which estops a party to play fast-and-loose with the court is well-recognized in this jurisdiction. In re Estate of Cohen, 105 Ariz. 337, 464 P.2d 620 (1970); Otis Elevator Company v. Valley National Bank, 8 Ariz. App. 497, 447 P.2d 879 (1968); Adams v. Bear, 87 Ariz. 288, 350 P.2d 751 (1960); Martin v. Wood, 71 Ariz. 457, 229 P.2d 710

(1951); Graybar Electric Co. v. McClave, 91 Ariz. 223, 371 P.2d 350 (1962). In the earlier litigation the Mechams, in order to prevail, had to rely upon the validity of the City's "abandonment" of the roadway. Having assumed such position and obtained relief on the basis of it, they are now estopped to assume a contrary one. 31 C.J.S. Estoppel §§ 117, 121 (1964).

The Mechams argue, however, that the parties are different in that the City and the Housers were not parties to the prior litigation. We have recently held that this does not preclude the application of the doctrine of collateral estoppel or "issue preclusion by judgment" where the party *against* whom the doctrine is to be invoked had full opportunity to litigate the matter and actually did litigate it, provided such issue was essential to the prior judgment. Realty Exchange Corp. v. Phoenix Title & Trust Co., 15 Ariz.App. 199, 487 P.2d 420 (1971). Other courts have held that the doctrine of judicial estoppel may be asserted in subsequent litigation by one who was a stranger to the prior litigation. Eistrat v. Irving Lumber & Moulding, Inc., 210 Cal.App.2d 382, 26 Cal.Rptr. 520 (1962); Monroe County Motor Co. v. Tennessee Odin Ins. Co., 33 Tenn.App. 223, 231 S.W.2d 386 (1950); Gottesman v. General Motors Corp., 222 F.Supp. 342 (S.D.N.Y.1963); cert. denied, 379 U.S. 882, 85 S.Ct. 144, 13 L.Ed.2d 88 (1964). We believe that the doctrine was properly applied in this case—the Mechams received a benefit in the first trial and therefore are precluded from changing their position to obtain another benefit now. Summary judgment as to the first two claims for relief was therefore appropriately granted.

As to the third claim, which assumes the validity of the 1964 quit-claim deed from the City of Glendale to the Owens, the trial court's summary disposition was likewise correct. The allegations with respect to the third claim were to the effect that the plaintiffs had filed appropriate maps and plats with the County Recorder for the subdivision of their property, they had requested the Mayor of the

City of Glendale to open up the roadway. pursuant to the terms of the 1964 Deed and that the Mayor had denied their request to open the roadway on the grounds that a reversion did not occur when abutting property owners to the north [Mechams] subdivided their property.

The trial court properly declined to declare operative the reversionary provision of the deed. The Mechams merely alleged the fact that they had subdivided their own property. The deed provides for reversion to the City of Glendale in the event that the property described therein, namely, the "roadway" property is subdivided. No such subdivision was alleged and therefore the third claim failed to state a basis for relief.

Finding no error in the granting of summary judgment, it is affirmed.

KRUCKER, C. J., and HOWARD, J., concur.

NOTE: This cause was decided by the judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.