SUPREME COURT OF ARIZONA
En Banc

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | Arizona Supreme Court |
| | ) | No. CV-05-0263-PR |
| Petitioner, | ) | |
| | ) | Court of Appeals |
| v. | ) | Division Two |
| | ) | No. 2 CA-SA 05-0011 |
| HONORABLE MICHAEL J. BROWN, | ) | |
| JUDGE OF THE SUPERIOR COURT OF | ) | Santa Cruz County |
| THE STATE OF ARIZONA, in and for | ) | Superior Court |
| the County of Santa Cruz, | ) | No. CR 01-199 |
| | ) | |
| Respondent Judge, | ) | |
| | ) | |
| JONATHAN McMULLEN, | ) | **O P I N I O N** |
| | ) | |
| Real Party in Interest. | ) | |
| | ) | |
| _____ | ) | |

Appeal from the Superior Court in Santa Cruz County
The Honorable Michael Brown, Retired Judge

**AFFIRMED IN RELEVANT PART AND REMANDED**
_____

Opinion of the Court of Appeals, Division Two
210 Ariz. 534, 115 P.3d 128 (App. 2005)

**AFFIRMED IN RELEVANT PART**
_____

TERRY GODDARD, ARIZONA ATTORNEY GENERAL                    Phoenix
     By   Randall M. Howe, Chief Counsel
          Criminal Appeals Section
          Nicholas D. Acedo, Assistant Attorney General
Attorneys for the State of Arizona

ROBERT J. HOOKER, PIMA COUNTY PUBLIC DEFENDER               Tucson
     By   Frank P. Leto
          Michael J. Miller
Attorneys for Jonathan Wayne McMullen
_____

**H U R W I T Z**, Justice

¶1      The issue in this case is whether a defendant's statements during a plea colloquy relieve the State of its obligation under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and its progeny to prove aggravating factors to a jury.  We conclude that the Sixth Amendment requires that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," *id.* at 490, unless a defendant has knowingly, voluntarily, and intelligently waived his right to jury trial with respect to aggravating factors.

**I.**

¶2      The State charged Jonathan Wayne McMullen with the first degree murder of his mother and the attempted first degree murder of his father and brother.  McMullen was fourteen years old when the events in question occurred.  McMullen eventually agreed to plead guilty to one count of reckless manslaughter in violation of Arizona Revised Statutes ("A.R.S.") § 13-1103(A)(1) (2001) in exchange for the dismissal of the murder and attempted murder charges.

¶3      Pursuant to Arizona Rules of Criminal Procedure 17.2, 17.3, and 17.4(c), the superior court held a change-of-plea hearing to determine whether McMullen's plea was knowing, voluntary, and intelligent.  During that hearing, the court

2

questioned McMullen about the factual basis for his guilty plea. McMullen stated that on the night of the shooting, he and a friend talked about taking his mother's car and driving to Willcox. McMullen said that he was afraid that they might get caught taking the car and that he therefore decided to shoot the people at his house. McMullen then stated that he and the friend threw something at McMullen's mother's bedroom door to waken her and, when she came into his bedroom, he shot her seven times. McMullen also stated that, when his brother and father came into the room, he shot his brother twice and his father once.

¶4 The superior court found that the plea was "knowingly, intelligently and voluntarily made," but deferred acceptance of the plea until sentencing. The court also determined that under *Apprendi* and *Ring v. Arizona*, 536 U.S. 584 (2002), the maximum sentence to which McMullen could be sentenced based solely on his guilty plea was the five-year presumptive term for reckless manslaughter under A.R.S. § 13-701(C)(1) (2001). The court scheduled a jury trial to enable the State to prove any aggravating factors to a jury beyond a reasonable doubt.

¶5 The State subsequently filed a notice of aggravating factors.[1] McMullen then filed a motion arguing that A.R.S. §§

---

[1] The State alleged four aggravating factors: (1) "Use, threatened use or possession of a deadly weapon or dangerous

3

13-702 and 13-702.01 (2001) (the "aggravation statutes") were unconstitutional. In a minute entry, the superior court held these statutes "unconstitutional on their face, and as applied to this case."

¶6        The State filed a special action in the court of appeals, which accepted jurisdiction. *State v. Brown (McMullen)* ("*McMullen I*"), 205 Ariz. 325, 326 ¶ 2, 70 P.3d 454, 455 (App. 2003). The court of appeals held that the "statutory maximum" for purposes of *Apprendi* and *Blakely v. Washington*, 542 U.S. 296 (2004), was not the presumptive sentence under A.R.S. § 13-701(C)(1), but rather the maximum sentence authorized by A.R.S. §§ 13-702 and 13-702.01 after aggravating factors had been established. *McMullen I*, 205 Ariz. at 333 ¶ 26, 70 P.3d at 462. The court held that McMullen was therefore not entitled to a jury trial on the aggravating factors alleged by the State. *Id.*

¶7        McMullen then filed a petition for review in this Court. We granted review and held that the "statutory maximum" for purposes of *Apprendi* and *Blakely* is the presumptive sentence established for the defendant's crime. *State v. Brown*

_____
instrument during the commission of the crime," A.R.S. § 13-702(C)(2) (2001); (2) "[p]resence of an accomplice," A.R.S. § 13-702(C)(4); (3) "[t]he physical, emotional and financial harm caused to the victim or, if the victim has died as a result of the conduct of the defendant, the emotional and financial harm caused to the victim's immediate family," A.R.S. § 13-702(C)(9); and (4) "[l]ying in wait for the victim or ambushing the victim during the commission of any felony," A.R.S. § 13-702(C)(16).

*(McMullen)* ("*McMullen II*"), 209 Ariz. 200, 203 ¶ 12, 99 P.3d 15, 18 (2004).[2] We declined to address the "myriad other questions" potentially raised by *Apprendi* and *Blakely* and remanded the case to the superior court. *Id.* ¶ 14.

**¶8** On remand, the superior court again held the aggravation statutes unconstitutional. The court also determined that McMullen's statements at his change-of-plea hearing were not "admissions of fact" for purposes of *Apprendi* and *Blakely* because McMullen had not "voluntarily relinquished his right to a jury trial on the facts necessary to aggravate his sentence." The superior court further held that the existing aggravation statutes did not authorize the convening of a sentencing jury; instead, the court ordered a sentencing hearing at which it would "be limited to sentencing the defendant to the presumptive five-year term."

**¶9** The State again filed a special action and the court of appeals again accepted jurisdiction. *State v. Brown (McMullen)* ("*McMullen III*"), 210 Ariz. 534, 536 ¶ 1, 115 P.3d 128, 130 (App. 2005). The court of appeals held that the aggravation statutes were constitutional and that the superior court should have convened a jury to determine whether aggravating circumstances existed. *Id.* at 544 ¶¶ 28-30, 115

---

[2] While *McMullen II* was pending in this Court, the superior court accepted the plea "in furtherance of the appeal." *McMullen II*, 209 Ariz. at 201 ¶ 4 n.2, 99 P.3d at 16 n.2.

5

P.3d at 138. The court of appeals affirmed, however, the superior court's holding that, notwithstanding McMullen's statements at his change-of-plea hearing, he was entitled to a jury trial on the alleged aggravating factors under the *Apprendi/Blakely* rule. *McMullen III*, 210 Ariz. at 542 ¶ 22, 115 P.3d at 136. The court held that "like the right to a jury trial generally, waiver of the right to a jury trial on sentencing factors must be knowing and voluntary" and that it would "not infer that a defendant has waived the jury trial right established in *Blakely* based solely on a general waiver of the right to a jury trial on guilt or innocence." *Id.* at 539 ¶ 12, 115 P.3d at 133. Accordingly, the court of appeals remanded for a sentencing hearing before a jury. *Id.* at 544-45 ¶ 31, 115 P.3d at 138-39.

¶10 McMullen then filed a petition for review in this Court, arguing that the aggravation statutes were unconstitutional and that the superior court lacked the power to convene a jury trial on the existence of aggravating factors. The State filed a cross-petition for review, arguing (1) that McMullen's plea agreement waived his right to jury trial on the aggravating factors alleged by the State and (2) that McMullen's statements during the plea colloquy were "admissions" not subject to the Sixth Amendment guarantee of jury trial. We denied McMullen's petition for review and granted the State's

6

cross-petition. We have jurisdiction pursuant to Article 6, Section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24 (2003).

## II.

### A.

¶11 McMullen first argues that the State is judicially estopped from contending that he waived any right to a jury trial on aggravating factors by entering into the plea agreement. During a status conference after McMullen's change-of-plea hearing, McMullen's attorney stated that the defense was not "waiv[ing] a jury" for any aggravation/mitigation hearing. Later in the conference, the prosecutor agreed, stating that, at the change-of-plea hearing, McMullen

> gave up his right to a jury trial with the charges pending before him. The plea the Court has taken on [sic] and the Plea Agreement predicates he knows he gave up a jury trial on that. And as far as the jury trial right [with respect to aggravating factors] that I do not believe exists in this matter, he hasn't given that up. I think as a matter of law . . . he is not entitled to a jury trial for aggravating/mitigating factors in this case.

The superior court subsequently held that McMullen had not waived any right to jury trial on aggravating factors.

¶12 In its first special action to the court of appeals, the State did not challenge the superior court's ruling on waiver. *McMullen I*, 205 Ariz. at 327 n.2 ¶ 5, 70 P.3d at 456 n.2. In *McMullen III*, the court of appeals therefore concluded

7

that the State was judicially estopped from arguing to the contrary. 210 Ariz. at 538 ¶¶ 9-10, 115 P.3d at 132.

¶13     We do not quarrel with the reasoning of the court of appeals as to judicial estoppel. We do not, however, rely upon that doctrine in this case. "Judicial estoppel is not intended to protect individual litigants but is invoked to protect the integrity of the judicial process by preventing a litigant from using the courts to gain an unfair advantage." *State v. Towery*, 186 Ariz. 168, 182, 920 P.2d 290, 304 (1996). "Judicial estoppel is an equitable concept, and its application is therefore within the court's discretion." 31 C.J.S. *Estoppel and Waiver* § 139 (1996). We believe the public interest would be served by clarifying whether an agreement to plead guilty to criminal charges also constitutes an implicit waiver of the right to jury trial on aggravating factors. We therefore exercise our discretion not to apply the doctrine of judicial estoppel in this case and move to the merits of the State's waiver argument.

**B.**

¶14     *Apprendi* and *Blakely* each involved defendants who entered guilty pleas to the crimes charged against them. *See Blakely*, 542 U.S. at 298; *Apprendi*, 530 U.S. at 469-70. In each case, the defendant clearly waived his right to jury trial on the crimes charged; nonetheless, the Supreme Court held that

8

each retained the right to jury trial on aggravating factors. *Blakely*, 542 U.S. at 313-14; *Apprendi*, 530 U.S. at 497.

¶15     The Court's approach in *Apprendi* and *Blakely* was consistent with long-standing precedent. A defendant's waiver of his Sixth Amendment rights must be knowing, voluntary, and intelligent. *See Boykin v. Alabama*, 395 U.S. 238, 242 (1969). Such a waiver cannot be presumed when the defendant was neither informed of the right to jury trial on aggravating factors prior to his plea nor purported to waive such rights. *Id.* at 243 ("We cannot presume a waiver of [this] . . . important federal right[] from a silent record.").

¶16     In this case, although McMullen's plea agreement expressly waives any right to jury trial on the crime of reckless manslaughter, it is silent as to any waiver of the right to jury trial on aggravating factors. Nor was McMullen informed of such a right at the change-of-plea hearing.[3] A waiver of constitutional rights cannot be presumed on such a record.

¶17     Indeed, far from demonstrating waiver, the record makes plain that McMullen expressly preserved his jury trial claim. At the status conference, McMullen's counsel explicitly

---

[3]     This omission is hardly surprising, as the change of plea occurred before the issuance of the Supreme Court's opinion in *Blakely* and our opinion in *McMullen II*, and the State took the position that there was no right to jury trial on aggravating factors.

told the superior court that his client was *not* waiving any such right.  In response to that statement, the prosecutor candidly and correctly recognized that no waiver had taken place.

¶18     We therefore hold that McMullen did not waive his right to jury trial on the aggravating factors alleged by the State through his agreement to plead guilty to reckless manslaughter.  We turn to the next issue presented by the State's cross-petition:  whether a jury trial was not required because of McMullen's "admissions" during the plea colloquy.

### III.

¶19     In *Apprendi*, the Supreme Court held that, under the Sixth and Fourteenth Amendments to the United States Constitution, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. at 490.  In *Ring*, the Court applied this constitutional principle to Arizona's death penalty scheme, which at that time permitted a defendant to be sentenced to death only after a judge had found the existence of a statutory aggravating factor.  536 U.S. at 588-89.  The Court held that because aggravating factors "operate as 'the functional equivalent of an element of a greater offense' the Sixth Amendment requires that they be found by a jury."  *Id.* at 609 (quoting *Apprendi*, 530 U.S. at 494 n.19).

10

¶20     In *Blakely*, the Court applied its previous holdings to a Washington state defendant who pled guilty to second degree kidnapping involving domestic violence and use of a firearm. 542 U.S. at 298-99.  The Court again confirmed that the Sixth Amendment guarantees a defendant's right to a jury trial with respect to any fact necessary to the imposition of a sentence greater than that authorized by the jury verdict alone:  "When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts which the law makes essential to the punishment, and the judge exceeds his proper authority."   *Id.* at 304 (internal quotation and citation omitted).

**A.**

¶21     In the case before us, the State relies heavily on language in *Blakely* defining the "maximum sentence" for *Apprendi* purposes as the most severe sentence permitted by "*the facts reflected in the jury verdict or admitted by the defendant.*" *Id.* at 303.  There was no jury verdict in this case.  The State contends, however, that any statement made by the defendant during a judicial proceeding has been "admitted" for *Blakely* purposes and "may be relied upon by a sentencing judge without any additional jury findings."   Under the State's analysis, McMullen's statements during the plea colloquy would permit the

11

imposition of an aggravated sentence without the need for jury trial.

¶22      The State concedes that neither *Blakely* nor any of the Supreme Court's *Apprendi*-line of cases explain the context in which an "admission" by a defendant will satisfy the defendant's Sixth Amendment right to jury trial.  Like the case before us, *Blakely* involved a guilty plea rather than a jury verdict.  Thus, the statement from *Blakely* upon which the State relies can reasonably be read as no more than a recognition that a fact necessary to allow the imposition of an *Apprendi* "maximum sentence" – the "functional equivalent of an element" of the aggravated offense for which the defendant is being sentenced, *Apprendi*, 530 U.S. at 494 n.19 – can be established either because a jury necessarily found that element in a guilty verdict or because the defendant necessarily admitted that element in a guilty plea.

¶23      This reading of *Blakely* is buttressed by the Sixth Amendment underpinnings of *Apprendi* and its progeny.  Under the Sixth Amendment, a defendant who takes the stand at trial and admits the existence of one or more of the elements of an offense does not thereby surrender his right to have the jury find all of the elements of the crime.  *See United States v. Gaudin*, 515 U.S. 506, 510 (1995) (stating that the Fifth and Sixth Amendments "require criminal convictions to rest upon a

12

jury determination that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt"); *State v. Carreon*, 210 Ariz. 54, 64 ¶¶ 44-48, 107 P.3d 900, 910 (2005) (holding that even when a defendant stipulates to an element of an offense, the jury must be asked to find that element beyond a reasonable doubt).  Indeed, even if a defendant admits all elements of a crime during cross-examination, the Sixth Amendment nonetheless preserves the right to trial by jury.  Under the Sixth Amendment, a judge cannot direct a guilty verdict, no matter how clear the defendant's culpability.  *Rose v. Clark*, 478 U.S. 570, 578 (1986); *United Bhd. of Carpenters & Joiners v. United States*, 330 U.S. 395, 410 (1947).

¶24     It is therefore clear that a defendant's "admission" of an element of an offense during a judicial hearing does not affect his Sixth Amendment right to jury trial with respect to that element.  Because an aggravating circumstance is the "functional equivalent of an element," *Apprendi*, 530 U.S. at 494 n.19, no different Sixth Amendment principle should apply in that context.  Thus, the Supreme Court's statement in *Blakely* that "*facts . . . admitted by the defendant*," 542 U.S. at 303, need not be found by a jury can only logically be read to mean facts admitted as part of a guilty plea – the elements of the offense to which the defendant has admitted guilt and waived his right to jury.

13

**¶25**     The State does not contend that McMullen's guilty plea to reckless manslaughter necessarily admitted the existence of any of the alleged aggravating factors.  At most, McMullen made statements during the plea colloquy which may have been "admissions" in an evidentiary sense.  But because McMullen did not agree to judicial factfinding and did not necessarily admit these facts by pleading guilty to an offense of which they were elements, his Sixth Amendment right to jury trial remains intact.

**¶26**     In short, we hold that the Sixth Amendment right to jury trial with respect to an aggravating factor necessary to impose a sentence remains inviolate unless the defendant's plea of guilty necessarily establishes the aggravating factor (because the facts admitted are elements of an offense to which the defendant has pled guilty)[4] or the defendant has appropriately waived his right to jury trial with respect to these aggravating factors.  *See Blakely*, 542 U.S. at 310 ("If appropriate waivers are procured, States may continue to offer judicial factfinding as a matter of course to all defendants who plead guilty."); *McMullen III*, 210 Ariz. at 543 ¶ 25, 115 P.3d

---

[4]     For example, if an adult defendant pleads guilty to child molestation under A.R.S. § 13-1410 (2001) (specifying as an element that the "child is under fifteen years of age") and also pleads guilty to first degree murder of the child, the defendant has *necessarily* admitted the aggravating factor in A.R.S. § 13-703(F)(9) (Supp. 2005) because the victim must have been "under fifteen years of age."

14

at 137 (noting that, in *Blakely*, the Supreme Court "was referring to the pre-existing standards for the waiver of the right to a jury trial—those set forth in *Boykin* and its progeny"). Neither circumstance is present here, and McMullen thus is entitled to a jury trial before an aggravated sentence can be imposed.

**B.**

¶27 Our opinion today will likely have limited reach. The case before us involves a guilty plea entered before the issuance of the *Blakely* opinion; we trust that few cases in which guilty pleas were accepted thereafter will be affected. *Blakely* makes plain that "nothing prevents a defendant from waiving his *Apprendi* rights" and that the State may condition a defendant's guilty plea on his willingness to waive his right to a jury trial both on elements of the crime charged and on aggravating factors. 542 U.S. at 310; *see also id.* n.12 (noting that a State is not "*required* to give defendants the option of waiving jury trial on some elements but not others"). Both McMullen and the State indicated at oral argument that this is now routine practice.

¶28 The practical scope of our ruling today is also effectively constrained by our recent opinion in *State v. Martinez*, holding that "once a jury implicitly or explicitly finds one aggravating factor, a defendant is exposed to a

15

sentencing range that extends to the maximum punishment available under section 13-702." 210 Ariz. 578, 584 ¶ 21, 115 P.3d 618, 624 (2005). Once one *Blakely*-compliant or *Blakely*-exempt factor has been established, the "trial judge has discretion to impose any sentence within the statutory sentencing range." *Id.* Thus, a jury trial is not required to establish additional aggravating factors if, for example, the defendant has a qualifying prior conviction, or the defendant's plea of guilty to the offense or some other offense necessarily establishes the existence of a qualifying aggravating factor.[5]

**IV.**

¶29 For the reasons stated above, we affirm the opinion of the court of appeals insofar as it holds that McMullen retains the right to jury trial with respect to the aggravating factors the State claims were "admitted" in the plea colloquy. We affirm the superior court's similar holding and remand this case to the superior court for further proceedings consistent with this opinion.

_____
Andrew D. Hurwitz, Justice

---

[5] This Court has held that judicial factfinding may be harmless error when no reasonable jury could have reached a determination contrary to that made by the judge. *State v. Ring*, 204 Ariz. 534, 555-59 ¶¶ 54-68, 65 P.3d 915, 936-40 (2003). That doctrine has no application here, however, because the superior court made no findings at all with respect to any aggravating factor.

16

CONCURRING:


_____
Ruth V. McGregor, Chief Justice


_____
Rebecca White Berch, Vice Chief Justice


_____
Michael D. Ryan, Justice


_____
W. Scott Bales, Justice