**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ISAAC JOHN MULLINS, | No. 08-17208 |
| Petitioner - Appellant, | D.C. No. 2:06-CV-1148-PHX-NVW |
| v. | |
| CHARLES L. RYAN, Director of the Arizona Department of Corrections, et al., | MEMORANDUM* |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted September 15, 2016
San Francisco, California

Before: GOULD and BERZON, Circuit Judges, and TUNHEIM, Chief District Judge.**

Petitioner Isaac Mullins ("Mullins") challenges his aggravated sentences for

attempted murder and first-degree assault, arguing that he was sentenced in

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\** The Honorable John R. Tunheim, Chief United States District Judge for the District of Minnesota, sitting by designation.

violation of the Sixth Amendment as interpreted in *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We affirm the district court's denial of habeas relief.[1]

I

Mullins argues his sentencing violated the Sixth Amendment because no jury determined any aggravating factor beyond a reasonable doubt. We hold that the district court erred when it held that the factual basis for Mullins's plea amounted to an admission to one or more aggravating factors. Similarly, Mullins did not waive his *Blakely* rights by virtue of his guilty plea. *State v. Brown*, 129 P.3d 947, 952–53 (Ariz. 2006) (en banc). Since Mullins received an aggravated sentence without a jury finding of any aggravating factor beyond a reasonable doubt, we hold that Mullins's sentencing was conducted in a manner contrary to federal law as clearly established in *Blakely*. 542 U.S. at 305; *see* § 2254(d).

Under Arizona law, only one aggravating factor was necessary to expose Mullins to the maximum aggravated sentence for each count, *State v. Martinez*, 115 P.3d 618, 624 (Ariz. 2005) (en banc); thus, any *Blakely* error is harmless if a jury

_____

[1] We decline to consider Mullins's uncertified procedural default claim.

would have found at least one aggravator per count. *Butler v. Curry*, 528 F.3d 624, 648 (9th Cir. 2008) (citing *Brecht v. Abrahamson*, 507 U.S. 619 (1993)).

The sentencing judge found that Mullins laid in wait for his victim – an aggravating factor underlying both the attempted murder and the burglary. Mullins did not dispute the evidence presented at his sentencing hearing that he laid in wait prior to the burglary and again prior to attacking the victim,[2] and that evidence was overwhelming. *See Butler*, 528 F.3d at 648 n.16 (recognizing that *Blakely* error may be harmless when, "without regard to any admission by the defendant," there is "overwhelming" evidence of an aggravating circumstance); *see also United States v. Guerrero-Jasso*, 752 F.3d 1186, 1204 (9th Cir. 2014) (Berzon, J., concurring) ("[H]armless-error review in *Apprendi* cases must respect the principle that a court may not itself make a finding as to a **disputed** fact . . . ." (emphasis added)). There is little doubt that "a jury would have found the relevant aggravating factor[ that Mullins laid in wait] beyond a reasonable doubt." *Butler*, 528 F.3d at 648. Therefore, this *Blakely* error had no "substantial and injurious effect" on Mullins's sentence. *Brecht*, 507 U.S. at 637–38.

---

[2] "Although we do not consider new admissions made at sentencing in our harmless error inquiry, we do consider sentencing proceedings insofar as they would help us adduce what other evidence might have been produced [by a defendant] at trial, had the question been properly put before the jury." *United States v. Salazar-Lopez*, 506 F.3d 748, 755 (9th Cir. 2007) (citations omitted).

Mullins also argues that the determination under Ariz. Rev. Stat. § 13-702(D) (2001) that mitigating factors are not "sufficiently substantial to call for" a sentence at or below the presumptive term is "legally essential" before an aggravating sentence may be imposed, and therefore this determination is subject to the requirements of *Blakely*. Mullins thus asserts that it was error for the judge rather than the jury to consider the mitigating factors and that the error was not harmless. He does not supply any Arizona precedent supporting his reading of § 13-702(D).

Mullins made no mention of this supposed *Blakely* violation in his Arizona postconviction relief proceedings. Thus, the state court was never given a "fair opportunity" to address Mullins's second *Blakely* claim. *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999) ("The state courts have [not] been given a sufficient opportunity to hear an issue when the petitioner has [not] presented the state court with the issue's factual and legal basis."). Therefore, this Court will not consider Mullins's second *Blakely* claim because either it is unexhausted or it is subject to an implied procedural bar, and Mullins has not shown that any procedural default exception applies. 28 U.S.C. § 2254(b), (c); Ariz. R. Crim. P. 32.2(a) ("A defendant shall be precluded from [postconviction] relief . . . based upon any ground . . . (3) [t]hat has been waived at trial, on appeal, or in any previous

collateral proceeding."); *see also Hurles v. Ryan*, 752 F.3d 768, 779–80 (9th Cir. 2014) (explaining implied procedural bar doctrine and exceptions and holding that "Arizona's waiver rules are independent and adequate bases for denying relief").


**AFFIRMED.**